NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21- 50254 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00719-PSG-4 |
| v. | |
| KAREN SARKISSIAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 11, 2023
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[**] District Judge.

Karen Sarkissian appeals his convictions for healthcare fraud, conspiracy to

commit money laundering, and money laundering, challenging the district court's

evidentiary rulings and imposition of a sentencing enhancement following his

retrial after his conviction at a prior trial was vacated by this court. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.

1.     Sarkissian first challenges the admission of Special Agent Keith Kuntz's expert testimony regarding the indicia of fraudulently run medical clinics. Our review of this issue is "preclude[d] . . . altogether," *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019), because Sarkissian's attorney affirmatively stated that Sarkissian had no objections to Kuntz's testimony in general and no objections to the district court's findings of reliability and relevance in particular.[1] *See id.* at 1229 ("[A] defendant waives his rights and precludes plain error review [] when there is evidence that he knew of his rights at the time and nonetheless relinquished them.").

2.     Sarkissian forfeited his remaining evidentiary claims because he failed to make appropriate objections before the district court on retrial. *See United States v. Sioux*, 362 F.3d 1241, 1244 n.5 (9th Cir. 2004). Reviewing for plain error, *id.*, we find none.

a.  The district court did not plainly err under Federal Rule of

---

[1] Sarkissian argues that he preserved his claims of error by raising appropriate objections at his first trial. We reject this contention as unsupported by any authority and the record. *See, e.g.*, *United States v. Gomez*, 67 F.3d 1515, 1526 n.13 (10th Cir. 1995) (rejecting contention that, following grant of new trial, objections at the first trial made objections at second trial unnecessary). And we find his reliance on cases such as *United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir. 1992), and *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004), misplaced, as those cases involved, respectively, a second trial following a mistrial and a pretrial ruling in the same trial.

Evidence 404(b) by permitting Special Agent Darrell Twedt to testify to and interpret a secretly recorded conversation—occurring near the time of charged conduct—in which Sarkissian discussed check-cashing and healthcare fraud. *See United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (noting that evidence of acts falling within the temporal scope of the conspiracy is not prohibited by Rule 404(b)); *United States v. Lague*, 971 F.3d 1032, 1040 (9th Cir. 2020) (applying a "relaxed" burden of proof to the admission of "other acts" evidence). Further, Agent Twedt, who surveilled the conversation and several others related to the same investigation, was permitted "to provide clarification and context" within the bounds of Federal Rule of Evidence 701. *See United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014). Nor does this case present "the rare exception when a district court's decision to admit evidence" under Federal Rule of Evidence 403 "constitutes plain error." *See Rizk*, 660 F.3d at 1132.

b. The district court also did not plainly err by admitting the testimony of a physician who observed Sarkissian and a codefendant engage in similar conduct at an unrelated medical clinic after the charged conduct took place. Federal Rule of Evidence 404(b) permitted introduction of this evidence even though it pertained to conduct that occurred *after* the conduct underlying Sarkissian's criminal charges, *see United States v. Sioux*, 362 F.3d 1241, 1246 (9th Cir. 2004), and the government was not required to prove that the other-acts evidence was "criminal"

3

for it to be admissible under Rule 404(b), *see United States v. Erickson*, 75 F.3d 470, 478 (9th Cir. 1996). We also discern no plain error under Rule 403. *See Rizk*, 660 F.3d at 1132.

c. We "review the cumulative impact of the possible plain errors for plain error." *United States v. Necoechea*, 986 F.2d 1273, 1283 (9th Cir. 1993). Because Sarkissian has not established any plain error, and because there is "ample evidence of [his] guilt," *see United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011), he has not established cumulative error.

4. Sarkissian also challenges the district court's imposition of a sentencing enhancement under United States Sentencing Guidelines § 2B1.1(b)(1), arguing that the district court erred by failing to apply the clear-and-convincing standard of proof in finding the enhancement applicable. Sarkissian did not object to the district court's application of the enhancement, depriving the district court of an opportunity to "develop[] a record," *United States v. Brigham*, 447 F.3d 665, 669 (9th Cir. 2006), and limiting our review to plain error, *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001). We find no error, let alone plain error, in the district court's application of the enhancement. *See Brigham*, 447 F.3d at 669.

**AFFIRMED.**[2]

---

[2] Because we hold that Sarkissian waived his challenge to Kuntz's expert testimony, we deny his motion to take judicial notice, **Dkt. 43**, as moot.